James P. Laurick, OSB No. 821530
jlaurick@kilmerlaw.com
Kilmer, Voorhees & Laurick, P.C.
732 NW 19th Avenue
Portland, Oregon 97209
Telephone: (503) 224-0055
Fax: (503) 222-5290

Of Attorneys for Defendant Bank of America, N.A.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JOHNNY L. SEIB,<br><br>    Plaintiff,<br><br> v.<br><br>BANK OF AMERICA, N.A.,<br>and ALL OTHER INTERESTED<br>PARTIES,<br><br>    Defendants. | Case No. 3:18-cv-00729-AC<br><br>**BANK OF AMERICA, N.A.'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND MOTION FOR PROTECTIVE ORDER** |

Defendant Bank of America, N.A. ("BANA"), through its undersigned counsel, hereby responds in opposition to Plaintiff Johnny L. Seib's ("Plaintiff") Motion to Compel Further Responses to Production of Documents Responsive to Plaintiff's First Request for Documents, Motion to Compel Further Answers to Interrogatories, and Motion for Protective/Discovery Sequencing Order ("Motion to Compel and for Protective Order"), and states:

### INTRODUCTION

In his Motion to Compel and for Protective Order, Plaintiff makes two (2) requests of the Court, both of which should be denied. First, Plaintiff requests an order protecting him from having to appear at his deposition until BANA "fully complies" with his discovery demands. Because Plaintiff has failed to show good cause for his request, as required by law, his request should be denied.

Page  1 -  **BANK OF AMERICA, N.A.'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND MOTION FOR PROTECTIVE ORDER**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

Second, Plaintiff requests that the Court compel BANA to produce additional documents and information, in addition to what BANA has already provided Plaintiff; and also asks the Court to overrule the objections made by BANA in its responses.  Overall, and as noted as part of the parties' meet-and-confer on discovery issues, BANA has already provided Plaintiff with a comprehensive response to the very same "issues" Plaintiff outlines in his motion.  BANA addressed each "issue," and made a good faith effort to explain why its responses to Plaintiff's discovery were adequate under the law.  Further, Plaintiff's request that the Court overrule BANA's objections to his discovery requests should be denied.  Each of BANA's objections is proper and necessary to preserve BANA's right to object at trial, and also to explain BANA's understanding of Plaintiff's specific discovery requests, the basis for its answer or its objections, as well as to identify the deficiencies with the manner in which Plaintiff's discovery requests were drafted.  Finally, BANA has already provided responses to each and every request for admission, interrogatory, and request for production of documents, which includes written responses and production of 729 pages of documents; all of which are <u>more than adequate</u> responses to Plaintiff's discovery requests.  Therefore, Plaintiff's motion to compel should be denied.

## PROCEDURAL AND FACTUAL BACKGROUND

On March 23, 2018, Plaintiff filed this action against BANA in the Circuit Court of the State of Oregon, for the County of Washington, with the following causes of action (1) common law fraud, (2) innocent misrepresentation, (3) breach of contract, theft by deception, (4) unfair business practices, and (5) injunctive relief, declaratory relief, and quiet title. *See generally*, Compl.

On April 25, 2018, the action was removed to this Court.  Also on that date, the Court issued a Discovery and Pretrial Scheduling Order, where the Court ordered that the parties complete all discovery, within 120 days, or by August 23, 2018.

Page  2 -   **BANK OF AMERICA, N.A.'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND MOTION FOR PROTECTIVE ORDER**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

On May 3, 2018, Plaintiff filed a motion for remand to state court ("Motion for Remand"), to which BANA filed a response in opposition on May 9, 2018.

Before the Court issued a ruling on Plaintiff's Motion for Remand, on May 22, 2018, Plaintiff served his Interrogatories and Request for Production ("ROGS"), Request for Production of Documents ("RFP"), and Set of Requests for Admissions ("RFA") to BANA (collectively, "Plaintiff's Discovery Requests"). *See* Exhibit 1.

On July 20, 2018, BANA provided timely objections and responses to Plaintiff's Discovery Requests, including BANA's response to ROGS ("BANA's Response to ROGS"), BANA's response to RFA ("BANA's Response to RFA"), and BANA's response to RFP ("BANA's Response to RFP"); including production of 729 pages of documents.[1] *See* Exhibit 2 (excluding the documents produced).

On July 25, 2018, Plaintiff sent BANA's counsel a letter, where Plaintiff identified purported deficiencies with respect to several of BANA's responses to Plaintiff's Discovery Requests ("Plaintiff's July 2018 Letter"). *See* Exhibit 3.

On July 26, 2018, pursuant to Fed. R. Civ. P. 26 and 30, BANA filed a Notice of Deposition of Johnny L. Seib ("Notice of Deposition"), for a deposition of Plaintiff to occur on August 22, 2018.

On August 13, 2018, BANA's counsel responded to Plaintiff with a letter, where BANA went through each of the purported deficiencies Plaintiff outlined in Plaintiff's July 2018 Letter, and addressed each concern Plaintiff outlined, with additional information and reasons for BANA's objections, not already addressed in BANA's responses, in addition to reasoning as to why Plaintiff's discovery issues have no impact on the requirement that he present himself for deposition set by BANA ("BANA's August 2018 Comprehensive Response"). *See* Exhibit 4.

---

[1] On June 20, 2018, Plaintiff agreed to a thirty (30) day extension of time for a response to Plaintiff's Discovery Requests, which allowed BANA up to July 20, 2018 to submit objections and responses.

Page  3 -   **BANK OF AMERICA, N.A.'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND MOTION FOR PROTECTIVE ORDER**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

On August 15, 2018, BANA's counsel sent an email to Plaintiff, asking if Plaintiff intended to appear at the August 22, 2018 deposition. In response, Plaintiff indicated that he was not, and that he instead planned to include a motion for protective order as to his deposition, along with his motion to compel discovery. Plaintiff reasoned that he did not feel that he is "obligated to attend [the] deposition until [BANA] fully compl[ies] with the propounded discovery," noting that BANA "can wait to re-schedule the deposition until after the [C]ourt makes its rulings." *See* Exhibit 4.

On August 21, 2018, Plaintiff filed his Motion to Compel and for Protective Order.

On August 23, 2018, the Court issued an order staying all briefing on Plaintiff's Motion to Compel and for Protective Order, pending the Court's ruling on the earlier filed Motion for Remand.

On September 17, 2018, the Court issued Findings and Recommendation, denying Plaintiff's Motion for Remand, allowing Plaintiff fourteen (14) days to file objections to the Findings and Recommendation. To date, Plaintiff has not filed any objections.

On October 5, 2018, the Court issued an order, formally denying Plaintiff's Motion for Remand. As such, Plaintiff's Motion to Compel and for Protective Order is no longer stayed, and is ripe for a decision.

For the reasons set forth below, the Motion to Compel and for Protective Order should be denied in its entirety.

## LEGAL STANDARD

### I. Legal Standard for Protective Order

Although not articulated in his Motion to Compel and for Protective Order, Plaintiff seeks a protective order under Fed. R. Civ. P. 26(c)(1), after having received BANA's Notice of Deposition, where Plaintiff was set to be deposed on August 22, 2018. According to Rule 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Such motions are

Page  4 -   **BANK OF AMERICA, N.A.'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND MOTION FOR PROTECTIVE ORDER**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

disfavored because discovery stays may interfere with judicial efficiency and cause unnecessary litigation in the future. *White v. E-Loan, Inc.,* 2006 U.S. Dist. LEXIS 76051 (N.D. Cal. Oct. 5, 2006).

The party seeking the protective order has the burden to "show good cause" by demonstrating harm or prejudice that will result from the discovery. *Phillips v GMC,* 307 F.3d 1206, 1210-11 (9th Cir. 2002) (analyzing burden on moving party when discovery was likely to result in public exposure of discovery materials.)  Plaintiff has the burden to satisfy both prongs of a two-pronged tested used by this Court.

Here, BANA challenges the good faith basis for Plaintiff's motion, as Plaintiff fails to meet his burden.

## II. Legal Standard for Motion to Compel

While the scope of discovery is broad, it is not boundless.  Rule 36 states that a party "may obtain discovery regarding any non[-]privileged matter that is relevant to any party's claim or defense,  Fed. R. Civ. P. 26(d)(1).  Additionally, "[d]iscovery of matter[s] not 'reasonably calculated to lead to discovery of admissible evidence' [are] not within the scope of Rule 26(b)(1)." *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 51-52 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 500-01 (1947)).

Further, "[the] party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirement of Rule 26(b)(1)."  *See Sarnowski v. Peters*, 2017 WL 4467542, at *1 (D. Or. Mar. 4, 2014).

Moreover, "[i]n general, the party seeking to compel discovery must inform the court which discovery requests are the subject of the motion to compel, and, for each disputed request, inform the court why the information sought is relevant and why the objections are not meritorious.  *See Id.* at *1, *citing Weaving v. City of Hillsboro*, No. CV–10–1432–HZ, 2011 WL 1938128, at *1 (D. Or. May 20, 2011).

Page  5 -   BANK OF AMERICA, N.A.'S RESPONSE TO
PLAINTIFF'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS AND MOTION
FOR PROTECTIVE ORDER

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

Here, Plaintiff has failed to meet his burden for the Court to compel BANA to produce any further discovery in this matter, as BANA has already provided Plaintiff with adequate responses, according to the law. Therefore, Plaintiff's motion to compel should be denied.

## ARGUMENT

**I.   Plaintiff's request for a protective order must be denied, as Plaintiff has not met his burden to show "good cause."**

In his Motion to Compel and for Protective Order, Plaintiff asks the Court to enter an order protecting him from having to appear at his deposition, "until such time as [BANA] agrees and complies with the discovery process," claiming that the information he seeks in discovery is "necessary for [him] to prepare his case and to prepare for his attendance at his deposition." Motion to Compel and for Protective Order, p. 2. Because Plaintiff fails to articulate any good cause for a protective order, the Court should deny Plaintiff's request.

The following factors may be relevant in determining the existence of "good cause" for a protective order: (1) whether the information is being sought for a legitimate purpose; (2) whether disclosure will violate any privacy interest; (3) whether disclosure will cause a party embarrassment; (4) whether disclosure is important to public health and safety; (5) whether sharing of information among litigants will promote fairness and efficiency in the litigation; (6) whether the party seeking the protective order is a public entity or official; and (7) whether the case involves issues of public importance. *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 787-791 (3rd Cir. 1994). Even if "good cause" for a protective order is shown, the Court must still balance the interests in allowing discovery against the relative burdens to the parties. *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litigation,* 669 F.2d 620, 623 (10th Cir. 1982).

Here, the only basis for Plaintiff's request for a protective order, to keep him from having to appear at a deposition, is his claim that BANA has failed to provide him with certain information and documentation he claims entitlement to as part of discovery. BANA's alleged

Page  6 -   **BANK OF AMERICA, N.A.'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND MOTION FOR PROTECTIVE ORDER**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

failure to provide Plaintiff with discovery responses, even if true, is not one of the relevant factors in determining the existence of "good cause" for a protective order, as outlined in the law. Further, even if the Court finds that good cause exists for a protective order, which it should not, there is no evidence that Plaintiff has any burden outweighing BANA's right to conduct his deposition.  Therefore, the Court must deny Plaintiff's request for a protective order, and should enter an order compelling Plaintiff to appear for a deposition.

**II.    Plaintiff has failed to meet his burden for the Court to compel BANA to produce additional discovery, which BANA has not already provided.**

>    **A. The Court should deny Plaintiff's request to overrule BANA's alleged "blanket objections" to Plaintiff's RFA, RFP, and/or ROGS.**

In his Motion to Compel and for Protective Order, Plaintiff alleges overall that BANA improperly asserted "blanket" and/or "boilerplate" objections to his RFA, RFP, and ROGS; and asks that the Court overrule those objections. *See* Motion to Compel and for Protective Order, pp. 7-12.  However, as set forth in detail below, Plaintiff has failed to meet his burden of demonstrating that BANA's objections are unjustified to warrant the Court to overrule BANA's objections, as BANA properly objected to Plaintiff's requests, where he has sought information which is outside the scope of permissible discovery.  Therefore, Plaintiff's request that the Court overrule BANA's objections to Plaintiff's RFA, RFP, and ROGS must be denied.

Generally, if a responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. *Cooper v. Sely*, Case No. 11-cv-00544, 2013 WL 1682243, *1 (April 17, 2013) (a prisoner civil rights case in which the plaintiff was *pro se*).  Further, a moving party must "inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, [must articulate] why the information sought is relevant and why the responding party's objections are not meritorious." *Id.*  Thus, if one party makes an objection to a discovery request, as BANA did here, the burden is on the other party, Plaintiff, in his motion to compel,

Page  7 -   **BANK OF AMERICA, N.A.'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND MOTION FOR PROTECTIVE ORDER**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

"to demonstrate why the objection is not justified." *Weaving v. City of Hillsboro*, Case No. 10-1432, 2013 WL 1938128, *1 (D. Or. May 20, 2011).

Here, Plaintiff's motion fails to do any of those things. In any event, in an effort to clarify BANA's response to Plaintiff's motion to compel, BANA will follow the format put forth in Plaintiff's motion for argument in its response.

> **B.  Plaintiff's request for an order compelling responses to ROGS numbered 1, 3, 5, 7-9, 14-16, 18, and 23 are meritless; and should be denied.**

> **1.  Response to Plaintiff's Argument on ROGS number 1.**

In Plaintiff's Motion to Compel and for Protective Order, he argues that there is no justification or excuse for BANA to refuse to provide the job title of Stephanie Saporita, the individual who executed the verification of BANA's Response to ROGS, which he requested in ROGS number 1. *See* ROGS and Motion to Compel and for Protective Order, p. 13. However, BANA already provided this information to Plaintiff in BANA's August 2018 Comprehensive Response, where BANA indicated that Stephanie Saporita's job title is, "Assistant Vice President, Senior Operations Analyst, Legal Order & Case Resolution Operations." *See* BANA's August 2018 Comprehensive Response, ¶ 2. Therefore, BANA provided a substantive response to Plaintiff before this Motion to Compel was even filed, and BANA requests that the Court deny Plaintiff's motion as to ROGS number 1.

> **2.  Response to Plaintiff's Argument on ROGS numbers 3, 5, 7-8, and 15-16.**

In Plaintiff's Motion to Compel and for Protective Order, he claims entitlement to information concerning Jeanine Abramoff and Lucy Mansourian[2], who executed assignments of

---

[2] Although BANA has never employed a Lucy "Mansoutian" as alleged by Plaintiff, because the name Lucy "Mansourian" appears on Exhibit 8 attached to Plaintiff's Complaint, BANA assumes that Plaintiff misspelled the individual alleged to be an employee of BANA. As such, BANA responds to this, and all requests that BANA be compelled to provide additional information as part of BANA's responses to Plaintiff's ROGS, referencing Lucy "Mansoutian," with this assumption.

Page 8 -   **BANK OF AMERICA, N.A.'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND MOTION FOR PROTECTIVE ORDER**

the deed of trust in this case.  *See* ROGS 3, 5, 7, 8, 15 and 16; and Motion to Compel and for Protective Order, pp. 13-17.  The information Plaintiff seeks includes (1) contact information for other BANA employees who have knowledge about these individuals' job duties, (2) the reason why Jeanine Abramoff no longer works for BANA, and (3) whether complaints have been made against both individuals in the past.  *See* Motion to Compel and for Protective Order, pp. 13-17.  It appears that Plaintiff seeks this information in his quest to invalidate the assignments executed by these individuals, as set forth throughout his Complaint.  *See generally*, Compl.  However, as stated in BANA's August 2018 Comprehensive Response, because Plaintiff was not a party to the assignments of the deed of trust which were executed by these two individuals, Plaintiff lacks the standing to challenge the validity of the assignments, making any information concerning the assignments completely irrelevant to this action.  *See* BANA's August 2018 Comprehensive Response, ¶ 3.  Therefore, Plaintiff's request that BANA be compelled to provide information concerning these individuals should be denied.

According to well-established law, litigants have no standing to challenge the validity of an agreement to which they were not parties unless they make an affirmative showing that they are intended beneficiaries of that agreement.  *Huang v. Claussen,* 147 Or. App. 330, 335, 936 P.2d 394 (1997).  As other courts have recognized, this principle bars challenges by borrowers to trust deed assignments.  *See In re MERS Litig.,* 2011 WL 4550189, at *5 ("plaintiff's, as third-party borrowers, are uninvolved and unaffected by the alleged Assignments, and do not possess standing to assert a claim based on such"); *see also Livonia Prop. Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC,* 399 F. App'x 97, 102-03 (6th Cir. Oct. 28, 2010) ("Without a genuine claim that [the assignee] is not the rightful owner of the loan and that [plaintiff] might therefore be subject to double liability on its debt, [plaintiff] cannot credibly claim to have standing to challenge the First Assignment."); *Silving v. Wells Fargo Bank, NA,* No. CV 11-0676-PHX-DGC, 2012 WL 135989, at *3 (D. Ariz. Jan. 18, 2012) (holding that a borrower did not have standing to challenge an assignment of his deed of trust); *Velasco v. Sec.*

Page  9 -   **BANK OF AMERICA, N.A.'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND MOTION FOR PROTECTIVE ORDER**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

*Nat'l Mortg. Co.,* No. 10-cv-239-DAE-KSC, 2011 WL 4899935, at *4 (D. Haw. Oct. 14, 2011) (same); *Bridge v. Aames Capital Corp.,* No. 1:09-CV-2947, 2010 WL 3834059, at *5 (N.D. Ohio Sept. 29, 2010) (same).

  Here, because Plaintiff lacks any standing to challenge the validity of the assignments that Jeanine Abramoff and Lucy Mansourian purportedly executed in this matter, the information Plaintiff seeks in his discovery as to those individuals – in his attempt to invalidate the assignments – is irrelevant and not likely to lead to the discovery of admissible evidence in this case.  Therefore, Plaintiff's request that BANA be compelled to provide this information should be denied.

    **3. Response to Plaintiff's Argument on ROGS number 9.**

  In Plaintiff's Motion to Compel and for Protective Order, he claims that BANA's response to Plaintiff's ROGS number 9 is "evasive and non-responsive," as BANA objected to Plaintiff's request for contact information of "persons most knowledgeable of all persons or entities…who at any time were constructive holders or holders in due course of the promissory note obligating Plaintiff to pay the Defendant or any other person or entity in this action, if known."  *See* ROGS and Motion to Compel and for Protective Order, p. 16.  As noted in BANA's August 2018 Comprehensive Response, although the chain of custody of the note at issue is a reasonable inquiry, Plaintiff's ROGS request number 9 is beyond such an inquiry; it is overbroad, unnecessary, and not particularly relevant to this case.  *See* BANA's August 2018 Comprehensive Response, ¶ 4.  BANA further assured Plaintiff that it is the rightful holder of the note at issue, and would be able to establish that it is the holder at the inception of a foreclosure case, if one is filed, and at the time of trial of that case.  *Id.*  Therefore, Plaintiff's request that BANA be compelled to provide any further information which BANA has not already provided, as to its holder status, should be denied, as BANA already provided a substantive response to Plaintiff before this Motion to Compel was even filed.

Page  10 - **BANK OF AMERICA, N.A.'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND MOTION FOR PROTECTIVE ORDER**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

There is nothing in the Uniform Commercial Code ("UCC") that requires a "holder" to establish the chain of transfers/assignments if it can present the note, as Plaintiff seems to argue that BANA must establish here, to show that BANA is the holder of the note. A "holder" may even be in "wrongful possession of the instrument" or obtain the same from a "thief and still be able to enforce the same. ORS 73.0301 (UCC 3-301), *2 White and Summers, Uniform Commercial Code* (at 225-226, 152-153) 4th Ed 1995. The security, the Deed of Trust, follows the debt. *Barringer v. Loder,*, 47 Or 223, 227-29, 81 P 778, 780 (1905).

Here, BANA has clearly informed Plaintiff that it is the current holder of the note at issue, which is all that is required for BANA to enforce the note, according to the law. BANA also informed Plaintiff that if it chooses to enforce the note, through a foreclosure proceeding, its holder status will be shown at the inception of such a proceeding, and at trial, if a trial occurs. There is no legal requirement that BANA show each and every holder of the note from the inception of the loan onward. As such, Plaintiff's ROGS request for information as to "persons most knowledgeable of all persons or entities" who were holders of the promissory note any time from the inception of the loan at issue and onward is overbroad and far beyond the scope of permissible discovery. Therefore, Plaintiff's request that BANA be compelled to provide this information should be denied.

### 4.     Response to Plaintiff's Argument on ROGS number 14.

In Plaintiff's Motion to Compel and for Protective Order, he claims that BANA's response to Plaintiff's ROGS number 14 is "evasive and non-responsive," as BANA objected to Plaintiff's request for information as to where "all documents" that relate to the "subject matter of this case" and to the loan, including but not limited to the note and "all records of payments received," are and were stored. *See* ROGS and Motion to Compel and for Protective Order, pp. 16-17. As noted in BANA's August 2018 Comprehensive Response, Plaintiff's request is extremely overbroad, and does not request anything with particularity, for BANA to know what Plaintiff is specifically requesting. *See* BANA's August 2018 Comprehensive Response, ¶ 5.

Page  11 - **BANK OF AMERICA, N.A.'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND MOTION FOR PROTECTIVE ORDER**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

Regardless, and as also noted in BANA's August 2018 Comprehensive Response, in a good faith attempt to respond to Plaintiff's request, BANA has already produced a copy of the Note, Deed of Trust, and Loan Modification, a complete payment history, and all correspondence between Plaintiff and BANA throughout BANA's servicing of the loan. *Id.* Therefore, BANA has already provided documents which more than amply respond to his requests before this Motion to Compel was even filed.

As to where the original promissory note is being stored, which BANA admits is relevant to the pending litigation, BANA informed Plaintiff that the note is currently being held by ReconTrust Company, N.A., for BANA. *Id.* With regard to the storing of documents other than the note, BANA's position remains that this information is not relevant, nor likely to lead to the discovery of admissible evidence, as the storage of these documents has no bearing on BANA's right to enforce the note and/or Plaintiff's rights as part of his loan agreement with BANA. *Id.*

Considering this information, BANA requests that the Court deny Plaintiff's motion as to ROGS number 14, because BANA has already provided a substantive response before this Motion to Compel was even filed.

### 5. Response to Plaintiff's Argument on ROGS number 18.

In Plaintiff's Motion to Compel and for Protective Order, he claims that BANA's response to Plaintiff's ROGS number 18 is "evasive and non-responsive," as BANA objected to Plaintiff's request that BANA state "each and every fact" which BANA contends that supports its "refusal to provide an unqualified admission" to any of Plaintiff's RFA. *See* ROGS and Motion to Compel and for Protective Order, pp. 17-18. As noted in BANA's August 2018 Comprehensive Response, in each and every response to Plaintiff's RFA where BANA does make an "unqualified admission," BANA has already addressed its reason for not admitting to Plaintiff's RFA requests, either through its general objections and/or specific objections. *See* BANA's August 2018 Comprehensive Response, ¶ 6. In addition, as also noted in BANA's August 2018 Comprehensive Response, for each of Plaintiff's RFA requests, BANA has made a

Page  12 - **BANK OF AMERICA, N.A.'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND MOTION FOR PROTECTIVE ORDER**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

clear admission or denial of the request, which is a complete and unequivocal response to which Plaintiff claims entitlement.  *Id.*

Because BANA has already specifically addressed each RFA which it did not admit, Plaintiff's request for additional facts supporting BANA's responses is unnecessary, without merit, and should be denied.

### 6. Response to Plaintiff's Argument on ROGS number 23.

In Plaintiff's Motion to Compel and for Protective Order, he claims that BANA's response to Plaintiff's ROGS number 23 is "evasive and non-responsive," as BANA objected to Plaintiff's request for all steps taken, who took the steps, what was done, and with whom that individual spoke with about the "loan modification."  *See* ROGS and Motion to Compel and for Protective Order, p. 18.  Although BANA rightfully objected to this request in BANA's Response to ROGS for several reasons, it nevertheless provided the specific sequence of events involved in BANA's consideration of Plaintiff for a loan modification in BANA's August 2018 Comprehensive Response.  *See* BANA's August 2018 Comprehensive Response, ¶ 7. Specifically, BANA informed Plaintiff that on or about January 28, 2010, Plaintiff's loan modification was booked.  *Id.*  Further, BANA noted that on February 17, 2010, BANA reversed the loan modification, but to account for any interest that was charged to Plaintiff's account which was above the rate he agreed to in his loan modification, BANA applied a book loss to Plaintiff's loan amounting to $30,336 to his account, on or about September 28, 2011.  *Id.*  Then, on or about October 5, 2011, BANA again booked the loan modification, which BANA explained remains Plaintiff's current loan.  *Id.*

Considering this information, BANA requests that the Court deny Plaintiff's motion as to ROGS number 23, because BANA has already provided a substantive response before Plaintiff's Motion to Compel was even filed.

/ / /

/ / /

Page  13 - **BANK OF AMERICA, N.A.'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND MOTION FOR PROTECTIVE ORDER**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

**C.   Plaintiff's request for an order compelling responses to RFP numbered 1, 3-22, and 27-30 are meritless, and should be denied.**

**1.   Response to Plaintiff's Argument on RFP number 1.**

In Plaintiff's RFP number 1, he requests each document that "refers, relates, regards, or pertains" to BANA's computers, computer systems, electronic data, and electronic media storage that "in any way mentions Plaintiff or the property which is the subject of this action." *See* RFP. In his Motion to Compel and for Protective Order, Plaintiff argues that BANA's objections to Plaintiff's RFP number 1 are "meritless," and in any instance where BANA claims that documents are privileged, Plaintiff demands a privilege log. *See* RFP and Motion to Compel and for Protective Order, p. 18. As noted in BANA's August 2018 Comprehensive Response, this request is extremely overbroad, and has no specificity whatsoever to limit the inquiry, to allow BANA to render an appropriate response. *See* BANA's August 2018 Comprehensive Response, ¶ 8. Therefore, in its response to Plaintiff's RFP, BANA objected on these grounds. In addition, regardless of how overbroad Plaintiff's request is, BANA still produced all documents which were reasonably responsive to this request in BANA's Response to RFP. Therefore, BANA requests that the Court deny Plaintiff's motion as to RFP number 1, because BANA has already provided a substantive response to Plaintiff before this Motion to Compel was even filed.

**2.   Response to Plaintiff's Argument on RFP number 3.**

In Plaintiff's Motion to Compel and for Protective Order, he claims that BANA's objections to Plaintiff's RFP number 3 are meritless, requesting that BANA confirm whether it possesses a note and an allonge, an RFP which seems more like an interrogatory. *See* RFP and Motion to Compel and for Protective Order, pp. 18-19. As noted in BANA's August 2018 Comprehensive Response, there is no allonge attached to the note which obligates Plaintiff and/or assigns the note to BANA. *See* BANA's August 2018 Comprehensive Response, ¶ 9. In addition, BANA explained that Plaintiff's signature is on the note that has been produced, which is the relevant note to this matter, and the note is endorsed in blank. *Id.* Therefore, as it has already produced all documents in its possession which are responsive to RFP number 3 before

Page 14 - **BANK OF AMERICA, N.A.'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND MOTION FOR PROTECTIVE ORDER**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

Plaintiff even filed this Motion to Compel, BANA requests that the Court deny Plaintiff's motion as to RFP number 1.

### 3. Response to Plaintiff's Argument on RFP number 4.

In Plaintiff's Motion to Compel and for Protective Order, he claims that BANA's objections to Plaintiff's RFP number 4, to the extent that the request purports to seek privileged information, are "meritless," and require a privilege log. *See* RFP and Motion to Compel and for Protective Order, p. 19. In Plaintiff's RFP number 4, he requests that BANA produce the account and "general ledger statement" for every "contract" between BANA and Plaintiff, "showing all receipts and disbursements." *See* RFP.

First, BANA is unsure what Plaintiff is referring to as a "general ledger statement," but assumes that Plaintiff is requesting a payment history to document what payments it received and what disbursements were made, relating to Plaintiff's Loan. If so, BANA already produced a Loan payment history to Plaintiff before this Motion to Compel was even filed, which is a sufficient response to this request. Further, as to Plaintiff's request for "every contract" that BANA alleges that it has with Plaintiff, as noted in BANA's August 2018 Comprehensive Response, BANA already produced the note, the deed of trust, and the loan modification; which are all documents that sufficiently respond to this request, which were provided to Plaintiff before this Motion to Compel was even filed. *See* BANA's August 2018 Comprehensive Response, ¶ 10. Therefore, as BANA has already produced all documents which are reasonably responsive to this request to Plaintiff before this Motion to Compel was even filed, and BANA requests that the Court deny Plaintiff's motion as to RFP number 4.

/ / /

/ / /

/ / /

/ / /

/ / /

Page  15 - **BANK OF AMERICA, N.A.'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND MOTION FOR PROTECTIVE ORDER**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

### 4. Response to Plaintiff's Argument on RFP numbers 5-22, 27, and 29-30.

In RFP request numbers 5-22, 27, and 29-30; Plaintiff asks BANA for documents concerning Jeanine Abramoff and Lucy Mansourian[3], who executed assignments of the deed of trust in this case. *See* RFP and Motion to Compel and for Protective Order, pp. 19-23. As with his ROGS, Plaintiff seeks this information in his quest to invalidate those assignments, as set forth throughout his Complaint. *See generally*, Compl. However, as stated above and in BANA's August 2018 Comprehensive Response, and also for the *very same reasons* set forth above as to Plaintiff's request for an order compelling responses to ROGS numbered 3, 5, 7-8, and 15-16; Plaintiff's request for this information is beyond the scope of permissible discovery, as he lacks the standing to challenge the validity of the assignments of the deed of trust executed by these two individuals.. *See Strong v. Lehman Brothers Bank, FSB*, 2018 WL 700821 (Feb. 2, 2018) (where the Court held that the borrower plaintiff lacked standing to challenge any assignment of the deed of trust to which she was not a party) and BANA's August 2018 Comprehensive Response, ¶¶ 3, 11. For these reasons, the documentation Plaintiff's seeks in his discovery as to Jeanine Abramoff and Lucy Mansourian is irrelevant and not likely to lead to the discovery of admissible evidence in this case. Therefore, Plaintiff's request that BANA be compelled to provide these documents should be denied.

### 5. Response to Plaintiff's Argument on RFP number 23.

In Plaintiff's Motion to Compel and for Protective Order, he claims that BANA's refusal to provide him with legal retainer agreements between BANA and counsel, for any services rendered by counsel in relation to his loan, should forever bar BANA from recovering those fees, as requested in Plaintiff's RFP number 23. *See* RFP and Motion to Compel and for Protective Order, pp. 21-22. As noted in BANA's August 2018 Comprehensive Response, BANA

---

[3] Again, although BANA has never employed a Lucy "Mansoutian" as alleged by Plaintiff, because the name Lucy "Mansourian" appears on Exhibit 8 attached to Plaintiff's Complaint, BANA assumes that Plaintiff misspelled the individual alleged to be an employee of BANA. As such, BANA responds to this, and all requests that BANA be compelled to provide additional documents as part of BANA's responses to Plaintiff's RFP, referencing Lucy "Mansoutian," with this assumption.

Page 16 - **BANK OF AMERICA, N.A.'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND MOTION FOR PROTECTIVE ORDER**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

rightfully objected to this request, as BANA's retainer agreements with its counsel have no relevance whatsoever to this action, and any documentation of such is not likely to lead to the discovery of admissible evidence. *See* BANA's August 2018 Comprehensive Response, ¶ 12. Therefore, BANA requests that the Court deny Plaintiff's motion as to RFP number 23.

### 6. Response to Plaintiff's Argument on RFP number 28.

In Plaintiff's Motion to Compel and for Protective Order, he claims that BANA's objections to Plaintiff's RFP number 28, to the extent that the request purports to seek privileged information requires a privilege log. *See* RFP and Motion to Compel and for Protective Order, p. 22. In Plaintiff's RFP number 28, he asks BANA for all bills of sale, allonges, and agreements documenting the sale or assignment to Mortgage Electronic Registration System, Inc. ("MERS"). *See* RFP. As noted in BANA's August 2018 Comprehensive Response, BANA rightfully objected to this request, as bills of sale and/or agreements with a 3rd party, such as MERS, have no relevance whatsoever to this foreclosure action, and any documentation of such is not likely to lead to the discovery of admissible evidence. *See* BANA's August 2018 Comprehensive Response, ¶ 13. Nevertheless, BANA confirmed that it never sold MERS the Note which is the subject of this action. *Id.* Therefore, as BANA has no documents in its possession which are relevant to this request, BANA requests that the Court deny Plaintiff's motion as to RFP number 28.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page 17 - **BANK OF AMERICA, N.A.'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND MOTION FOR PROTECTIVE ORDER**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

## CONCLUSION

WHEREFORE, for the foregoing reasons and authorities, Defendant Bank of America, N.A. respectfully requests that Plaintiff's Motion to Compel and for Protective Order be denied.

DATED: October 17, 2018.

    KILMER VOORHEES & LAURICK, P.C.


    */s/ James P. Laurick*
    James P. Laurick, OSB No. 821530
    jlaurick@kilmerlaw.com
    732 NW 19th Avenue
    Portland, OR  97209
    Phone No.:  (503) 224-0055
    Fax No.:  (503) 222-5290
    Of Attorneys for Defendant Bank of America, N.A.

Page  18 - **BANK OF AMERICA, N.A.'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND MOTION FOR PROTECTIVE ORDER**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

# CERTIFICATE OF SERVICE

I certify that on this 17th day of October, 2018, the foregoing **BANK OF AMERICA, N.A.'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND MOTION FOR PROTECTIVE ORDER** will be served in accordance with the Court's CM/ECF system which will send notification of such filing by notice via email to the ECF participants of record a true copy of the foregoing document with copies to the following by email and by depositing with the U.S. mail in Portland, Oregon, enclosed in a sealed envelope with first class postage prepaid:

Johnny L. Seib
21695 SW Hedges Drive
Tualatin, OR  97062
jseib@msn.com
      Plaintiff Pro Se

KILMER VOORHEES & LAURICK, P.C.

*/s/ James P. Laurick*
James P. Laurick, OSB No. 821530
jlaurick@kilmerlaw.com
732 NW 19th Avenue
Portland, OR  97209
Phone No.:  (503) 224-0055
Fax No.:  (503) 222-5290

Of Attorneys for Defendant Bank of America, N.A.
I:\10011\0088\Pleadings - USDC\BANA Response to Motion to Compel.docx

Page  1 -   CERTIFICATE OF SERVICE

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290