UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

JOHNNY L. SEIB,

                    Plaintiff,

      v.

BANK OF AMERICA, N.A.,

                    Defendant.

Case No. 3:18-CV-00729-AC

ORDER ON MOTION
TO COMPEL

ACOSTA, Magistrate Judge:

      Plaintiff Johnny L. Seib, who is proceeding *pro se*, filed a Motion to Compel Discovery and Motion for Protective Order pursuant to Federal Rule of Civil Procedure 37. (ECF No. 10). Plaintiff seeks to compel Defendant Bank of America, N.A. ("BANA") to respond to certain interrogatories and discovery requests. For the reasons that follow, the motions are granted in part and denied in part, with leave to renew.

*Background Facts*

      Plaintiff filed a complaint in state court alleging multiple claims stemming from what he asserts was the wrongful initiation of foreclosure proceedings, including: (1) common law fraud;

1 - ORDER ON MOTION TO COMPEL

(2) innocent misrepresentation; (3) breach of contract; (4) theft by deception; (5) unfair business practices; and (6) quiet title. BANA removed the case to federal court. Plaintiff alleges BANA engaged in a series of actions to fraudulently and repeatedly promised to modify his loan while simultaneously pursuing a fraudulent foreclosure. (Compl. ¶ 32.) In May 2018, Plaintiff served BANA with a First Set of Interrogatories ("Interrogatories"), a Request for Production of Documents ("RFP"), and a Set of Requests for Admission ("RFA"). In July 2018, BANA provided responses and objections to Plaintiff's discovery requests, in addition to producing documents. BANA has produced to Plaintiff a copy of the Note, the Deed of Trust, and the Loan Modification, a complete payment history, and all correspondence between Plaintiff and BANA throughout its servicing of the loan.

On July 25, 2018, Plaintiff sent a letter to BANA's attorney indicating what he believed were deficiencies in BANA's responses to his discovery requests. On July 26, 2018, BANA filed a Notice of Deposition for Plaintiff's deposition to occur on August 22, 2018. On August 13, 2018, BANA's counsel responded to Plaintiff's letter attempting to reach resolution on the discovery issues. On August 21, 2018, Plaintiff filed the instant motions. The court conducted a status conference on October 24, 2018, at which time the court set a deadline for taking Plaintiff's deposition, and taking the motions under advisement. The motions are fully briefed and ready for resolution.

////

////

////

////

////

2 - ORDER ON MOTION TO COMPEL

*Discussion*

I. <u>Motion to Compel</u>

    *A.*     *Standard*

Under Federal Rule of Civil Procedure ("Rule") 37(a)(3)(B), a party may move for an order

compelling answers to interrogatories or the production of requested documents. FED. R. CIV. P.

37(a)(3)(B)(iii) &(iv). Under Rule 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to
> any party's claim or defense and proportional to the needs of the case, considering
> the importance of the issues at stake in the action, the amount in controversy, the
> parties' relative access to relevant information, the parties' resources, the importance
> of the discovery in resolving the issues, and whether the burden or expense of the
> proposed discovery outweighs its likely benefit. Information within this scope of
> discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1). And, the court has discretion to limit discovery:

> On motion or on its own, the court must limit the frequency or extent of discovery
> otherwise allowed . . . if it determines that: (i) the discovery sought is unreasonably
> cumulative or duplicative, or can be obtained from some other source that is more
> convenient, less burdensome, or less expensive; (ii) the party seeking discovery has
> had ample opportunity to obtain the information by discovery in the action; or (iii)
> the proposed discovery is outside the scope permitted by Rule 26(b)(1).

FED. R. CIV. P. 26(b)(2)(C).

The party seeking to compel discovery has the burden of establishing its request is relevant

under Rule 26(b)(1). *Sarnowski v. Peters*, Case No. 2:16-cv-00176-SU, 2017 WL 4467542, at *2

(D. Or. Oct. 6, 2017). The party opposing discovery has the burden of showing that discovery should

not be allowed and has the burden of clarifying, explaining, and supporting its objections. *Id.*; *Yufa*

*v. Hach Ultra Analytics*, No. 1:09-cv-3022-PA, 2014 WL 11395243, at *1 (D. Or. Mar. 4, 2014) ("If

a party elects to oppose a discovery request, the opposing party bears the burden of establishing that

3 - ORDER ON MOTION TO COMPEL

the discovery is overly broad, unduly burdensome, or not relevant. Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." (citation and quotation omitted)). If a party objects to a discovery request, it is the burden of the party seeking discovery on a motion to compel to demonstrate why the objection is not justified. *Weaving v. City of Hillsboro*, No. CV-10-1432-HZ, 2011 WL 1938128, at *1 (D. Or. May 20, 2011). In general, the party seeking to compel discovery must inform the court which discovery requests are the subject of the motion to compel, and, for each disputed request, inform the court why the information sought is relevant and why the objections are not meritorious. *Id.*

B.    *Analysis*

In Plaintiff's Motion to Compel, he asserts that BANA's response to his Interrogatory number 23 is "evasive and non-responsive." (Pl.'s Mot. Compel at 18, ECF No. 10.) In number 23, Plaintiff requested the following:

> Describe all steps taken to consider the Plaintiff for a loan modification, if any, the date the step was taken, who took the step, what was done, and with whom that person spoke about the loan modification, if any.

(Def.'s Response Mot. Compel, Ex. 2 at 11, ECF No. 19-2.) BANA objected on the grounds that the request was vague and overly broad because more than one loan modification was requested, impermissibly requires a compilation, and seeks information that is protected by the attorney-client privilege or attorney work product privilege. (*Id.* at 68.) Nevertheless, BANA provided the following information in its August 13, 2018 letter:

> On or about 1/28/10, your loan modification was booked. Then, the loan modification was reversed by BANA on 2/17/10. Then, to account for any interest that was charged to your account which was above the rate you agreed to in your loan modification, from the date that the loan modification was booked (on our about 1/28/10), BANA applied a bookloss of $30,336 to your account on our about 9/28/11.

4 - ORDER ON MOTION TO COMPEL

On our about 10/15/11, the loan modification was again booked, and remains as your current loan. This is the relevant information in response to your interrogatory, likely to lead to the discovery of admissible evidence, and the other information you are requesting is simply not relevant.

(Def.'s Response Mot. Compel, Ex. 4 at 3, ECF No. 19-4.)

The court finds the information requested by Plaintiff relevant and discoverable, and that BANA's response to Interrogatory number 23 is incomplete. It is clear from BANA's response request that Plaintiff was "booked" or approved for a loan modification in January 2010, and that it reversed itself in February 2010. It also appears that a loan modification was again "booked" in October 2011. BANA's objections to identify the person or persons who were involved in the decision-making process to approve Plaintiff's initial loan modification in January 2010, its subsequent reversal in February 2010, and approving Plaintiff's second loan modification in October 2011, are overruled. Additionally, BANA's refusal to identify the person or persons involved in the decision-making process to apply the "bookloss" of $30,336 in September 2011, is also overruled. The court finds that revealing the identity of the person or persons who were involved in the decision-making process of "booking" or approving (and reversing) Plaintiff's loan modifications and the "bookloss" does not appear to be privileged information. If such information is privileged, BANA has failed to provide the necessary privilege log. Accordingly, BANA is ordered to identify the person or persons involved in the decision-making process of approving Plaintiff's January 2010 loan modification, the February 2010 loan modification reversal, the September 2011 "bookloss," and the October 2011 loan modification within 30 days of the date of this Order. BANA is further ordered to provide Plaintiff with any documents in its possession that pertain to the decision-making process of approving Plaintiff's January 2010 loan modification, the February 2010 loan

5 - ORDER ON MOTION TO COMPEL

modification reversal, the September 2011 "bookloss," and the October 2011 loan modification within 30 days of the date of this Order.

The court has carefully considered the remainder of Plaintiff's Motion to Compel and BANA's Response and concludes that they do not merit separate discussion. Plaintiff's Motion to Compel, is denied on all other grounds with leave to renew should new information learned in the course of discovery so merit.

II.    Motion for Protective Order

A.    Standard

Pursuant to Rule 26(c), a court may grant a request for an protective order "for good cause" in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). Among the potential Rule 26(c) orders are an order "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." FED. R. CIV. P. 26(c)(1)(D). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

B.    Analysis

Plaintiff seeks a motion for a protective order to delay the taking of his deposition until BANA complies fully with his discovery requests. Plaintiff has failed to satisfy his burden of demonstrating both "good cause" and what specific harm will result absent a protective order. Plaintiff has failed to articulate how BANA's failure to provide the additional documents and

information he requested will specifically cause him harm.  *See Meyer v. Schwarzenegger*, No. CIV S-06-2584-LKK-GGH P, 2009 WL 1020838, at *1 (E.D. Cal. Apr. 14, 2009) (denying motion for protective order to protect from deposition as a "sanction against defendants for perceived discovery violations" ).  Accordingly, because Plaintiff has failed to meet his burden, his motion for a protective order is denied.

### *Conclusion*

Based on the foregoing, Plaintiff's Motion to Compel and for Protective Order (ECF No. 10) is GRANTED IN PART and DENIED IN PART as described above.

IT IS SO ORDERED.

DATED this 2nd day of NOVEMBER, 2018.

JOHN V. ACOSTA
United States Magistrate Judge

7 - ORDER ON MOTION TO COMPEL